[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR DEFICIENCY JUDGMENT
This is a motion for a deficiency judgment pursuant to Section 49-14 of the general statutes. A judgment of strict foreclosure entered on November 23, 1992 and the court set a law day of January 4, 1993 for the defendant.
At the time of entry of judgment the subject property was appraised at $760,000 and the plaintiff's debt was found to be $900,024 which included attorney's fees and costs. The CT Page 1861 defendant failed to redeem on its law day and all subsequent encumbrances also failed to redeem. Title to the subject premises vested in the plaintiff on January 14, 1993.
"On the basis of the foregoing valuation and the amount of the plaintiff's debt "the plaintiff argued that it had reason to believe that a deficiency exists and moved for an evidentiary hearing to establish the amount of any deficiency judgment.
At the hearing the plaintiff called the defendant's real estate appraiser as a witness and the appraisal report of this expert was introduced as an exhibit. The plaintiff did not present any expert testimony of its own on valuation.
A party that seeks a deficiency judgment bears the burden of establishing the value of the property in question as of the date that title to the property vested in the party claiming the deficiency, Eichman v. J J Building Co.,216 Conn. 443, 450, 451 (1990).
The appraiser Hagearty filed a detailed, thorough appraisal report discussing the three accepted methods of valuing real estate: (1) the cost approach, (2) the sales comparison approach, (3) the income capitalization approach. In his report he thoroughly discussed the methodology involved on the means of analysis he used to arrive at the various valuations arrived at under each of the three approaches. The cost approach gave an indicated value of $910,000 to the subject property, the indicated value by the sales comparison approach was $900,000 and the indicated value by the income capitalization approach was $650,000.
Mr. Hagearty felt that the sales comparison approach was the valuation method he should give the greatest weight to so that he valued the property at $900,000. He said that when he did his report he did not know the amount of the debt. He used the sales comparison approach since he determined that the most likely purchaser for a property such as the subject property would be an owner-occupant. His court testimony was consistent with his report.
His testimony and detailed report supported his position that there was a sufficient supply of sales of similar buildings in the market area from which a reliable indicator CT Page 1862 of value could be determined. He examined four fairly recent sales comparing the sites, the buildings and their use potential with the subject site and gave upward and downward adjustments on the basis of these comparisons to the final valuation he arrived at for the subject site.
The cost approach was an applicable method of valuation to Hagearty and it gave a slightly higher value to the property than the sales comparison approach but he felt this would be an inferior method for giving a value to the property. This is so according to his report because it was difficult to accurately quantify the external obsolescence currently affecting the building and the paucity of recent conveyances of industrially zoned parcels within South Windsor resulted in somewhat speculative site value estimates.
During the plaintiff's examination of Hagearty the latter was asked why the income capitalization approach was not the preferable method of valuation. He testified that a prudent investor would not buy this parcel for income purposes and reiterated his view that the sales comparison method would be the best indication of value. Hagearty in his report concluded that with aggressive marketing the property could be sold to an owner-occupant within 12 months. The four comparison sales had marketing, times of less than one year and his conclusions were based on conversations with local brokers and his view that there has been a decline in unit sales prices and a recent loosening of credit sources in the central Connecticut region.
None of these conclusions were attacked by the plaintiff who during his examination merely reviewed his comparative valuations of the four properties Hagearty used to arrive at his sales comparison approach. As noted Mr. Hagearty adequately defended the basis of each valuation and the comparison of the valuation of these buildings with that of the subject property.
The difficulty with the plaintiff's position is that the burden was on the plaintiff to establish valuation for deficiency judgment purposes. At one point counsel for the plaintiff in his examination of Hagearty seemed to suggest that the best way to arrive at value here would have been to get an average figure based on the three methods of valuation. The plaintiff gave the court no basis on which to indulge in CT Page 1863 such speculation nor did it present any reason for example why the income capitalization approach should be used by the court as opposed to any other of the valuation methods used. The plaintiff has not met its burden of establishing a right to a deficiency judgment.
Corradino, J.